IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEWIS J. TETLOW
16 Steppingstone Road
Bedford, New Hampshire 03110

and

RICHARD C. MORGAN
2003 Spottswood Road
Charlottesville, Virginia 22903

and

JOSEPH G. LEVECHIO
2564 Woodview Drive
Lancaster, PA 17601

      Plaintiffs

v.

MARION C. BLAKELY, Administrator
   Federal Aviation Administration
800 Independence Avenue, S.W.
Washington, D.C. 20591

      Defendant

FILED
MAR 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case: 1:07-cv-00602
Assigned To : Bates, John D.
Assign. Date : 03/29/2007
Description: Tetlow v. Blakely

## COMPLAINT FOR DECLARATORY AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

This is an action to declare the Federal Aviation Administration's "Age 60 Rule" (14 C.F.R. .§121.383 c) invalid and to preliminarily and permanently enjoin its enforcement because it is arbitrary, capricious, discriminatory and unconsitutional. It has been made necessary because the FAA contemplates a year long rule making process during which time the Age 60 Rule will force pilots of domestic commercial air carriers from their careers.

There is no basis, as more fully explained below, to permit the Age 60 Rule to be

enforced during this period; failing to enjoin enforcement will cause hardship to Plaintiffs, while enjoining enforcement will cause no harm; Plaintiffs are without a legal remedy; and Plaintiffs are likely to succeed on the merits of their claim.

Further, Plaintiffs seek an order shortening the time in which Defendant is to respond and for an expedited hearing.

### JURISDICTION and VENUE

1. This is an action seeking to declare as invalid and unenforceable a regulation of the Federal Aviation Administration, *viz.*, 14 C.F.R..§121.83 c) (Age 60 Requirement). Plaintiff's are entitled to judicial review of such regulations pursuant to 5 U.S.C. §§702, 704 and 706. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

2. Venue lies with this District Court, pursuant to 28 U.S.C. §1391(e).

### PARTIES

3. Plaintiffs Lewis J. Tetlow, III, Richard Morgan and Joseph G. LoVecchio each hold an "airman's certificate" issued by Defendant Federal Aviation Administration and are currently employed as pilots for USAir, a United States domestic commercial air carrier. They each have decades of flying experience, are certified to and, in fact, fly the most sophisticated commercial aircraft, and are veterans of the United States Armed Services.

4. Plaintiff Tetlow will be 60 years old on April 2, 2007; Plaintiff Morgan will be 60 years old on May 21, 2007; and Plaintiff LoVecchio will be 60 years old on January 30, 2008.

5. Without the relief sought herein each will be prohibited from flying for their employer on their 60th birthday and each will be terminated from employment on the first day of the month following their birthdays.

6. No action will lie against Plaintiffs' employer because it is acting in accordance with a regulation of Defendant FAA. Accordingly, they are without a legal remedy.

7. Defendant Marion C. Blakely is the administrator of the Federal Aviation Administration. She is sued in her official capacity. She is charged with promulgating aviation safety regulations generally, including their revision or repeal, including, but not limited to the Age 60 Rule.

## FACTS COMMON TO ALL COUNTS

8. The Federal Aviation Administration is authorized to promulgate regulations in the interest of public safety pursuant to 49 U.S.C. §44701(a), which, in pertinent part, provides:

> "The Administrator of the Federal Aviation Administration shall promote safe flight of civil aircraft in air commerce by prescribing - . . . (5) regulations and minimum standards for other practices, methods, and procedure the Administrator finds necessary for safety in air commerce and national security."

Exemptions to such regulations are authorized by 49 U.S.C. §44701(f).

9. Pursuant to the above stated statutory authority the age 60 Rule (14 C.F.R. §121.383) was promulgated. That regulation states in pertinent part:

> "c) No certificate holder [airline] may use the services of any person as a pilot on an airline engaged in operations under this part if that person has reached his 60th birthday. No person may serve as a pilot of an airplane engaged in operations under this part if that person has reached his 60th birthday."

10. The Age 60 Rule has always been justified because it is ostensibly in the interest of safety to bar otherwise qualified individuals from serving as commercial airline pilots after reaching their 60th birthday.

11. The Age 60 Rule cannot be justified in the interest of safety.

12. All commercial airline pilots, regardless of age, are required to pass rigorous and frequent competency and physical fitness tests every six months. This requirement, and not the Age 60 Rule, assures passenger and public safety.

13. The fact that there is no longer any reason, let alone safety, for the Age 60 Rule was affirmed by Defendant Administrator Marion C. Blakely herself in a January 30, 2007 speech and

in her testimony to the United States Congress. In her speech Administrator Blakely said the FAA was proposing to allow pilots of American commercial air carriers to fly after reaching the age of 60 because, "[f]irst, medically speaking there is no scientific studies [sic] to say 'Don't do this'. In fact, as we'd all agree, medical science is the place where we're all living longer and healthier, and that includes the cockpit. * * * The objections of the past don't cut it anymore. <u>This is the right thing to do. Experience counts, it's an added margin of safety</u>. . . ." (Emphasis added.)

14. The Age 60 Rule, in fact, never has been a safety rule; it was a forced-retirement rule developed to advance certain commercial interests a half-century ago when age discrimination was rampant and life expectancy was 10 years shorter.

15. The FAA has permitted, as of November 23, 2006, pilots of non-U.S. commercial air carriers who are older than 60 to fly into and from American cities and across U.S. airspace.

16. The National Aeronautics and Space Administration hires over-60 pilots, and has explicitly rejected an age-60 rule for U.S. astronauts.

17. The U.S. Equal Employment Opportunity Commission (EEOC), acting pursuant to Executive Order 12067 (43 CFR §28967), has advised the FAA that the Age 60 Rule is not a *bona fide* occupational qualification and is discriminatory within the meaning of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, *et esq*.

18. There is no scientific evidence to support the claim that commercial airline pilots are unfit or incompetent because they have reached their 60th birthday. In fact, there is a growing body of scientific evidence which demonstrates that commercial pilots at age 60 and greater usually can and do meet all safety, competency and fitness standards. Studies supporting this have been conducted by the Civil Aviation Medical Association, the National Aerospace Medical Center, Johns Hopkins University, and National Institutes of Health/Institute of Medicine.

19. There is no statistical evidence to support the claim that pilots who are 60 and over have been or are more likely to be involved in more safety incidents than those who are younger.

## COUNT I

20. Agency "actions, findings and conclusions" which are "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" shall, pursuant to 5 U.S.C. §706(2)(A), be held unlawful and set aside.

21. The Age 60 Rule is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law.

**WHEREFORE**, Plaintiffs pray this Court, as to Count I to:

A. Grant judgment in their favor and against Defendant;

B. Declare 29 C.F.R. §121.383c) to be arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law;

C. Preliminarily and permanently enjoin the enforcement of 29 U.S.C. §121.383c)

D. Award Plaintiffs and order Defendant to pay to them their costs and attorneys' fees incurred in bringing and maintaining this action; and

E. Grant such other and further relief as justice may require.

## COUNT II

22. Agency "actions, findings and conclusions" which are contrary to constitutional right, power, privilege, or immunity" shall, pursuant to 5 U.S.C. §706(2)(B), be held unlawful and set aside.

23. The Age 60 Rule is contrary to Plaintiffs' constitutional right to equal protection.

**WHEREFORE**, Plaintiffs pray this Court, as to Count II to:

A. Grant judgment in their favor and against Defendant;

B. Declare 29 C.F.R. §121.383c) to be unconstitutional;

C. Preliminarily and permanently enjoin the enforcement of 29 U.S.C. §121.383c)

D. Award them and order Defendant to pay to them their costs and attorneys' fees incurred in bringing and maintaining this action; and

E. Grant such other and further relief as justice may require.

Respectfully submitted

Thomas J. Gagliardo
Attorney for Plaintiff
8403 Colesville Road, Suite 860
Silver Spring, Maryland 20910-3312
301/589-1900 FAX 301/589-1985
gagliardo@workplace-law.net

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

LEWIS J. TETLOW
16 Steppingstone Road
Bedford, New Hampshire 03110

and

RICHARD C. MORGAN
2003 Spottswood Road
Charlottesville, Virginia 22903

and

JOSEPH G. LEVECHIO
2564 Woodview Drive
Lancaster, PA 17601

Petitioners

v.                                                              Case No.

MARION C. BLAKELY, Administrator
    Federal Aviation Administration
800 Independence Avenue, S.W.
Washington, D.C. 20591

Respondent

FILED

MAR 29 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PETITION FOR WRIT OF MANDAMUS OR
ORDER IN THE NATURE OF MANDAMUS

Petitioners Lewis J. Tetlow, III, Richard Morgan and Joseph G. Levechio hereby petition

for an order under the All Writs Act, 28 U.S.C. § 1651(a), directing the Administrator of the

Federal Aviation Administration to issue a decision on each Respondents pending request for an

exemption from a regulation forbidding him from flying as a pilot for his employer after his

Page 1 of 4


attachment

sixtieth birthday. Respondents seek expedited consideration for reasons as will be more fully set out in a memorandum to be filed separately. The bases for this petition are as follows.

1 Petioners Lewis J. Tetlow,III, Richard Morgan and Joseph G. LoVecchio each hold an "airman's certificate" issued by Respondent Federal Aviation Administration and are currently employed as pilots for USAir, a United States domestic commercial air carrier. They each have decades of flying experience, are certified to and, in fact, fly the most sophisticated commercial aircraft, and are veterans of the United States Armed Services.

2. Petitioner Tetlow will be 60 years old on April 2, 2007. Petitioner Morgan will be 60 years old on May 21, 2007. Petitioner LoVecchio will be 60 years old on January 30, 2008.

3. Domestic air carriers must have a certificate from the Federal Aviation Administration (FAA).

4. The FAA administrator may promulgate regulations he or she finds necessary for safety in air commerce and national security. 49 U.S.C. §44701(a)(5).

5. A regulation issued by the administrator under 49 U.S.C. § 44701(a)(5) provides that no air carrier may use the services of a pilot if that person has reached his 60th birthday, and that no person may serve as a pilot if that person has reached his 60th birthday. 14 C.F.R. § 121.383c). This is referred to as the 'Age 60 Rule.'

6. The administrator is authorized to grant exemptions from the age 60 rule. 49 U.S.C. § 44701(f).

7. Review of orders granting or denying exemptions under 49 U.S.C. §44701(f) is in the Court of Appeals. 49 U.S.C. § 46110(a).

8. Petitioners have each filed a request for an exemption; none of which have been acted

upon.

9. On Friday, March 23, 2007, Petitioners Tetlow and Morgan (and others) met with the Deputy Associate Administrator and other ranking officials of Respondent FAA. The FAA by its Deputy Associate Administrator informed them (1) that in the usual course of business waiver applications are acted on within 120 days of receipt; (2) changes to 14 C.F.R. §121.383 are under consideration; (3) no action on waiver applications would be taken "piecemeal" because of the regulation may be changed; and (4) it would be September before the FAA is likely to finish its internal consideration of changes to 14 C.F.R. §121.383 and months thereafter before a rule change, if any, would occur.

10. The Administrative Procedure Act at 5 U.S.C. §558c) requires that actions must be taken "within a reasonable time".

11. It is unreasonable to withhold action on Petitioners applications for waivers until changes to 14 C.F.R. §121.383, if any, are made.

12. It is likely that the request for exemption will be granted or, if denied, it would be overturned by this court, because:

(a) there is no scientific basis for that pilots over the age of 60 are unfit to fly commercial aircraft;

(b) foreign commercial air carriers are permitted to fly within the United States with pilots over the age of 60;

(c) the age limit facially violates the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*

13. The Respondent FAA's intentional failure to act on the waiver applications threatens

Petitioners with irreparable harm. Once employment is terminated because waivers have not been granted Petitioners employer will have no obligation to rehire them.

**WHEREFORE**, petition requests this court to expedite consideration of this Petition andorder Respondent to act on Petitioner's exemption request before April 30, 2007.

Respectfully submitted,

Thomas J. Gagliardo
Attorney for Plaintiff
8403 Colesville Road, Suite 860
Silver Spring, Maryland 20910-3312
301/589-1900 FAX 301/589-1985
gagliardo@workplace-law.net

07cv602
JDB

**I (a) PLAINTIFFS** LEWIS J TETLOW III
16 Stoppingstone Road Bedford, NH et 03110

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

11001

**DEFENDANTS** MARION C. Blakey, administratn FAA
800 Independence Ave, SW, Washjtn DC. 20591

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

NC TR AT

Case: 1:07-cv-00602
Assigned To : Bates, John D.
Assign. Date : 03/29/2007
Description: Tetlow v. Blakely

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas J. Gagliardo, Esq.
8403 Colesville Rd suite 860
S.S. Md. 20910    301 589-1900

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ⊗ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ⊗ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**⊗ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes:
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ⊗ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⊗ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. 701 ET SEQ Challenge to validity of FAA regulation
FAA v. HEGER 14 CFR 121.83(c) Age 60 ...

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ ____    Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  writ of Mandamus filed in US Court Appeals or DC Courts
☒ YES ☐ NO If yes, please complete related case form.

DATE ____  SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd

