IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEWIS J. TETLOW, et al.** | \| |
| Plaintiffs | \| |
| v. | \| Case No. 1:07-cv-00602 (JDB) |
| **MARION C. BLAKEY, Administrator**<br>Federal Aviation Administration | \| |
| Defendant | \| |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Lewis J. Tetlow, et al., by their attorneys, tender this supplemental memorandum of points and authorities in support of their Motion for Preliminary Injunction to enjoin enforcement of the Federal Aviation Administration's "Age 60 Rule," 14 C.F.R.121.383 (c).

I. **The Applicable Legal Standard Supports Issuance of a Preliminary Injunction Here.**

To win a preliminary injunction, the moving party must establish: (1) a substantial likelihood of success on the merits; (2) irreparable harm if a preliminary injunction is not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (*citing City Fed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir.1995)); *World Duty Free Americas, Inc. v. Summers,* 94 F. Supp. 2d 61 (D.D.C. 2000) (Lamberth, J.) (enjoining agency from enforcing rules).

The four factors should be balanced on a sliding scale, and a party can compensate for a

lesser showing on one factor by making a very strong showing on another factor. *CSX Transp., Inc. v. Williams*, 406 F.3d 667 (D.C. Cir.2005) (citing *CityFed Fin. Corp.* 58 F.3d at 747). "An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp.* 58 F.3d at 747.

### A.      Plaintiffs are likely to Prevail on the Merits

Plaintiff pilots have a strong likelihood of prevailing on the merits here. The scientific consensus summarized in Plaintiff's original Memorandum of Points and Authorities and supporting exhibits establish that age alone is not predictive of any of the adverse consequences to safety claimed by the FAA, and that the rule is therefore arbitrary and capricious. Furthermore, two highly placed officials of the FAA have made public admissions that the rule should be abandoned.

Plaintiff pilots also have a strong likelihood of prevailing on the merits on the Rehabilitation Act claim. As stated at page 3 of Plaintiff's original Memorandum of Points and Authorities in Support of Their Motion for Injunction, the FAA has stated its belief that after reaching age 60 "there is a progressive deterioration of certain important physiological and psychological functions with age, that significant medical defects attributable to this degenerative process occur at an increasing rate as age increases, and that sudden incapacity due to such medical defects becomes more frequent in any group reaching age 60." See: 60 FR 65977 (Docket No. 27264, December 20, 1995). The FAA's sweeping indictment of all domestic commercial air carrier pilots over age 60 is also a prima facie violation of the Rehabilitation Act's prohibition on discriminating against an otherwise qualified individual

because of a perceived disability.

Plaintiffs therefore have a strong likelihood of overturning the rule on one or all of the three grounds asserted in their Complaint.

**B.**     **Plaintiffs Will Suffer Irreparable Harm if the Injunction is not Granted**

Plaintiffs will suffer irreparable injury if their airman's certificates to fly Section 121 aircraft are revoked. Plaintiff's have no legal remedy, for several reasons.     The defendant here is a Federal Agency, not any or all of Plaintiff[s]'employers. Plaintiffs will lose their employment because their employers are bound by the FAA rule.   However, the FAA cannot make whole the loss of wages, seniority, and other employment benefits and rights suffered by Plaintiffs when they are forced to retire as pilots for commercial air carriers. Furthermore, Plaintiff's cannot sue their employers for age discrimination (which would otherwise entitle them to back pay and other make whole remedies) because their employers are acting pursuant to a government mandate when they end the pilot certifications.

Even were Plaintiffs to attempt to mitigate damages by seeking employment as pilots in non-Section 121 settings, their compensation would be much diminished. Because of labor agreements throughout the industry,  plaintiffs would lose seniority rights and other valuable rights secured to them by virtue of continued eligibility and certification to fly commercial air carriers.  They would be returned to the bottom of any airline roster they sought to join.[1]

---

[1] A copy of sample Collective Bargaining Agreement Language setting forth seniority rules governing the return of senior pilots is attached hereto as Exhibit 20 and incorporated by reference.

This same contractual seniority system prevents any adequate legal remedy for Plaintiffs even were the FAA eventually to overturn the Age 60 rule in the course of a rule-making,[2] this relief would be prospective only. The FAA would have no ability to make whole the pilots for their loss of wages, seniority, retirement benefits, and other employment benefits lost as a result of the enforcement of the Age 60 rule.

### C. The Injunction Would Not Substantially Harm Any Interested Parties

The injunction would not substantially harm any interested parties. No harm would befall the F.A.A. in any respect. The Agency loses nothing; it is not prevented from taking any action; and imposition of the preliminary imposes no added costs or other burden of any kind on the Agency. All that would happen is that the plaintiff pilots would be allowed to continue to fly until this Court held a hearing on the request for a permanent injunction against the Age 60 rule. As discussed more fully in part D, below, the overwhelming consensus of the scientific evidence shows that the FAA's interest in promoting and ensuring commercial air passenger traffic safety would be enhanced by extension of the airman's certificates to experienced pilots over age 60.

### D. The Requested Injunction Would Further the Public Interest.

Congress has stated its interest in eliminating invidious age discrimination based on arbitrary. The Age Discrimination in Employment Act ("ADEA") instructs that age-based criteria are presumptively arbitrary - as are other personal characteristics. Enjoining the Age-60

---

[2]In a letter to plaintiffs Tetlow and Morgan denying recent requests for exemption from the Age 60 rule, an acting official at the FAA state that a current rule-making is underway with respect to the Age 60 rule. The letter fails to set forth any procedure, any formal notice of a procedure, and fails to contain any time-line for issuance of a rule. A copy of the letter is attached hereto and incorporated by reference as Exhibit 21.

Rule would further the legislatively declared public interest in eliminating age discrimination.

The U.S. Equal Employment Opportunity Commission (EEOC) endorsed this view when, acting pursuant to Executive Order 12067 (43 CFR Sec. 28967), it advised the FAA that the Age 60 Rule is not a *bona fide* occupational qualification and is discriminatory within the meaning of the ADEA.

Finally, the unrefuted consensus of the scientific and medical community and the FAA's own studies set out at Exhibits 5 through 13 of Plaintiff's original Memorandum of Points and Authorities in Support of Injunctive Relief establish that there is no basis for an arbitrary age 60 cutoff; that pilots over age 60 have records just as safe as, if not safer than, younger pilots, and that in many ways the added maturity, experience and judgment more than compensates for any possible age-related diminution in physical and mental acumen.

The public interest would also be furthered by harmonizing incompatible and facially contradictory age rules faced by pilots over age 60 who fly non-U.S. commercial air carriers aircraft.

**II.  Case Law Demonstrates that The Age 60 Rule Is Arbitrary and Capricious In Violation of the Administrative Procedures Act, 5 U.S.C. Sec. 607(2)(A)**.

The Age 60 Rule has been previously evaluated by the U.S. Court of Appeals for the D.C. Circuit under the usual standard of APA arbitrary and capricious rule, and was upheld**.** *Professional Pilots Federation, Et al. v. FAA*, 118 F 3d 758  (D.C. Cir. 1997). The procedural posture of *Professional Pilots* case and many previous cases challenging the Age 60 Rule differed from the instant case.  In *Professional Pilots*, the petitioners sought review of two decisions of the FAA:  not to institute a rulemaking to relax the Age 60 rule, and to extend the

application of the Rule to commuter airlines.  Most earlier challenges involved petitions requesting review of orders from the FAA requesting an exemption from the Age 60 Rule.  *See, e.g., Coppenbarger v. FAA, 558 F.2d 8367(7th Cir. 1977); Starr v. FAA*, 587F.2d 307 (7th Cir. 1978); *Gray v. FAA*, 594 F.2d 793(10th Cir. 1979); *Rombough v. FAA*, 594 F.2d 893 (2nd Cir. 1979); *Aman v. FAA* 856 F.2d 946 (7th Cir. 1988)(Vacating FAA's refusal to grant exemption);on remand,  *Baker v. FAA*, 917 F.2d 318 (7th Cir. 1990)*Yetman v. Garvey*, 261 F.3d 664(7th Cir. 2001).

There was one facial attack on the validity of the Age 60 Rule shortly after it was implemented in which the Plaintiffs sought an injunction against application of the rule.  *Air Line Pilots v. Quesada*, 276 F.2d 892 (2d Cir. 1960). Among other causes of action, the Plaintiffs in *Quesada* asserted that the age 60 limitation was arbitrary and discriminatory and without any relation to safety.  There is no indication in *Quesada*, however, that the FAA conducted any study, nor tendered any evidence of any study, of the relationship of Pilot age to commercial air safety.

As repeatedly demonstrated by the studies attached to Plaintiff's Complaint, *viz*. Exhibits 5 through 13, science and statistics have exposed the FAA's arbitrary and capricious rule-making with respect to the Age 60 rule.    Plaintiffs urge this court to bring the regulations in line with the science. The core of the APA's prohibition on arbitrary and capricious agency action is the requirement that an agency must provide a reasoned explanation for what it does. While "[t]he scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency," **neither may a court sanction agency action when the agency merely offers conclusory and unsupported postulations in defense**

**of its decisions or when it ignores contradictory evidence in the record and fails to justify seeming inconsistencies in its approach**. *See Motor Vehicle Mfrs Ass'n v. State Farm Mut. Auto Ins Co., 468 U.S. 29, 41, 103 S.Ct. 28856, 28675-766)*; *Dickson v. Secretary of Defense*, 68 F.3d 1396, 1404-05 (D.C.Cir.1995)

The FAA's explanation of its decision to retain the Age 60 Rule suffers from all of these defects.

As detailed in Plaintiff's original Memorandum of Points and Authorities and the Exhibits attached thereto, FAA officials, including Administrator Blakey, publicly acknowledged that the Rule is insupportable, conflicts with available scientific studies, and clashes with the standards set by the ICAO and adopted by countries including Israel, Australia, Japan, and several Western European nations. .

As further evidence of the arbitrary and capricious nature of the Age 60 and its application, the FAA, since November 23, 2006, has permitted pilots who are 60 and older to fly into and from U.S. airports and over U.S. airspace if those pilots are commanding an aircraft which is registered other than in the United States.  In other words, any of the plaintiffs in this action could continue to fly as captains of commercial passenger airplanes, for example, if instead of flying for U.S. Air they flew for British Airways or instead of flying for American Airlines they flew for Aeroflot.

### III.    The Age 60 Rule Has No Rational Basis And Therefore Deprives Plaintiffs of their Right to Equal Protection Under the Constitution

The FAA's Age 60 rule violates the equal protection component of the U.S. Constitution's Fifth Amendment's Due Process Clause by forcing only commercial airline pilots

(part 121) who fly for U.S. carriers from flying.³  Although age is not a suspect classification, the Age 60 rule, as written, bears no relation to the achievement of any legitimate purpose and must therefore be struck down.  As argued at length in Plaintiff's original Memorandum of Points and Authorities and the Exhibits attached thereto, there is no rational relationship between the mandatory retirement age 60 for Part 121 pilots and safety.

The FAA has no evidence that pilots over 60 pose a greater flying hazard than the pilots under 60 to whom it frequently extends exemptions on medical grounds.  The FAA can point to no studies showing any age-based adverse safety records for pilots over age 60, who may fly for NASA, for air taxi services, for foreign airlines, and, on information and belief, even for the FAA's own flight services.

As noted in Part II, above, the FAA already permits commercial pilots over age 60 into American airspace if those pilots are commanding an aircraft which is registered other than in the United States.  This bears repeating, because it demonstrates the complete lack of safety-based rationale for an Age 60 Rule, as it applies only to American-based pilots:  any of the plaintiffs in this action could continue to fly as captains of commercial passenger airplanes into American airspace from overseas, for example, as long as instead of flying USAir they flew for British Airways or instead of flying for American Airlines they flew for Aeroflot.

The Age 60 Rule fails the rational basis test on additional grounds.  Even were the Age 60 rule still applied to all pilots, rather than exclusively to American-based commercial

---

³ The U.S. Supreme Court has held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws. *E.G., Hampton v. Mow Sun Wong*, 426 U.S. 88, 100 (1976); *Buckley v. Valeo*, 424 U.S. 1, 93 (1976); *Weinberger v. Wiesenfeld*, 42 U.S. 636,638.n.2 (1975); *Bolling v. Sharpe*, 347 U.S. 497, 500(1954).

pilots, mandatory retirement is no predictor of increased safety, and is furthermore unnecessary. Pilots are already subject to a battery of frequent physical exams, and must carry and update a medical fitness card at all times. With such individualized procedures already in effect, the Government cannot realistically claim that prohibiting resort to age-based generalizations would jeopardize air safety.

Plaintiffs support the FAA's mission to provide for air safety, and agree that it should legitimately take appropriate measures to assure the high quality pilots whose caliber and fitness is critical to the safety and comfort of the flying public. Plaintiffs do not ask this Court to substitute its judgment for that of Congress or the FAA on the appropriate retirement system for commercial airline pilots. But the record shows that the FAA never undertook any defensible method for assessing the fitness of pilots age 60 and above.  Plaintiff pilots have presented substantial evidence that the Age 60 Rule, as written, and as enforced, bears no relation to the purposes for which it was designed. Accordingly, it should be invalidated as violating the equal protection component of the U.S. Constitution's Fifth Amendment Due Process Clause.

Respectfully submitted,

Thomas J. Gagliardo
D.C. Bar No. 192575
Attorney for Plaintiff
8403 Colesville Road, Suite 860
Silver Spring, Maryland 20910-3312
301/589-1900 FAX 301/589-1985
gagliardo@workplace-law.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by facsimile transmission and by first class U.S. Mail, postage prepaid, to the following:

>Michele Meriweather, AUSA
>United States Attorney for the District of Columbia
>Civil Division
>Attorney for Defendant
>555 Fourth Street, N.W.
>Washington, D.C. 20001

>and

>General Counsel
>Federal Aviation Administration
>800 Independence Avenue, S.W.
>Washington, D.C. 20591

on this 18th day of APRIL 2007.

_____
Thomas J. Gagliardo