IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEWIS J. TETLOW, et al. | |
| Plaintiffs, | |
| v. | Case No. 1:07-cv-00602 (JDB) |
| MARION C. BLAKELY, Administrator Federal Aviation Administration, | |
| Defendant. | |

**PLAINTIFFS REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND IN OPPOSITION TO MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Lewis J. Tetlow III, et al., by their attorneys, submit this reply memorandum in support of their motion for preliminary injunctive relief, and in opposition to defendant Marion C. Blakey's (hereafter "FAA") Motion To Dismiss for Failure to State a Claim, or, in the alternative, for entry of Summary Judgment.

I. **THE AGE 60 RULE IS NOT AN ORDER ISSUED PURSUANT TO 49 U.S.C. §46110(a). ACCORDINGLY, THIS COURT HAS JURISDICTION.**

The FAA contends that the Age 60 Rule (14 C.F.R. 121.383(c)) is an order of its Administrator issued pursuant to 49 U.S.C. § 46110(a), which must be reviewed by the Circuit Court of Appeals within 60 days of its issuance. (FAA Mem. At 7) In support of this startling claim, the FAA cites two cases: one is a district court case which stands for the proposition that orders of the FAA Administrator are reviewable in the Court of Appeals; and the other an appellate decision which stands for the broad proposition that a statute which vests jurisdiction in one court cuts off original jurisdiction in others.

Plaintiffs do not disagree that the Circuit Courts of Appeal have original jurisdiction to review safety orders issued pursuant to 49 U.S.C. §46110(a).  They contend, however, that the Age 60 Rule is no such order; and the FAA has not and cannot explain why it should be considered as such.  To begin with, under the FAA analysis, the procedural door closed, forever, 47 years ago.  However, Plaintiffs are not challenging an "order."  Rather, Plaintiffs here make a broad constitutional and statutory challenge to the FAA's practices surrounding the enforcement of that rule in light of the FAA's subsequent actions, including, *inter alia*, its November 2006 endorsement of over-60 foreign pilots in command.  Under these circumstances, the FAA's jurisdictional argument is wholly lacking in merit.

The Ninth Circuit in *Foster v. Skinner*, 70 F.3d 1084 (9th Cir. 1995) explains why §46110(a) does not apply and why district courts have jurisdiction to hear claims that seek to determine whether the FAA is complying with the Administrative Procedure Act.

Foster, whose flight privileges the FAA revoked because of safety violations, brought 13 claims, including six allegations that the FAA violated the Administrative Procedures Act.  Two claims alleged that the FAA had selectively prosecuted Foster and that it was wrong to deprive him of flight privileges.  Citing *Mace v. Skinner*, 34 F.3d 854 (9th Cir. 1994), the Court of Appeals said: "We held that a district court has subject matter jurisdiction over broad constitutional challenges to FAA practices because the Federal Aviation Act [citation omitted] provides no remedy for such claims." *Id.* at 1088.  See also: *Green v. Brantley*, 81 F.2d 514, 521 (11th Cir. 1993).

That is precisely what the case at bar presents – a broad challenge for which the Federal Aviation Act provides no remedy. The FAA's jurisdictional argument is wholly lacking in merit and should be disregarded.

II. **BECAUSE §46110(a) DOES NOT APPLY, THERE IS NO MERIT TO THE ARGUMENT THAT THIS ACTION IS UNTIMELY.**

The FAA, again relying on §46110(a), asserts that this suit is untimely and that any challenge to the Age 60 Rule had to be made within 60 days of its final adoption in 1960. The FAA's position, in its own words, is that "[s]imply stated, plaintiffs filed suit in the wrong court at the wrong time". Memorandum, pg. 1. The heart of the argument, again in the FAA's own words, is that Plaintiffs' challenge comes "more than 47 years late" (Id. pg. 9), and that they did not seize the opportunity when they were 12 and 13 years old to bring an action in the Court of Appeals.

For the reasons previously stated this argument is totally lacking in merit. This action is timely.[1]

III. **APPELLATE DECISIONS UPHOLDING THE AGE 60 RULE DO NOT GOVERN THE INSTANT CASE**

Defendant FAA wrongly asserts that this Court's hands are tied by Appellate Court decisions responding to challenges to the Age 60 rule. Each case is distinguishable on procedural grounds, and all have been superceded by medical, statistical, and other evidence the FAA steadfastly refuses to gather or consider.

The Court in *O'Donnell v. Shaffer,* 491 F.2d 59, 60 (DC Cir. 1974) devoted all but one paragraph of its opinion to analyzing the plaintiff's request for a "public

---

1. A letter is being sent to counsel of record asking that the asserted lack of jurisdiction in the District Court and the corollary claim that the instant action is untimely be withdrawn as being made without substantial justification and in bad faith.

3

evidentiary proceeding for the development of a record" upon which their petition requesting revocation of the Age 60 rule could be heard. 491 F.2d 59, 60. The Court denied the plaintiffs' request for a full evidentiary hearing, then, in a classic double bind, faulted Plaintiffs for presenting "inconclusive" evidence. At any rate, *O'Donnell* was decided more than 30 years ago, and whatever "medical" evidence was considered then is terribly out of date.

The DC Circuit's only other examination of the Age 60 rule, *Professional Pilots Federation v. FAA*, 118 F.3d 758 (DC Cir 1997), was a decade ago[1], light-years in terms of advances in aerospace medicine, brain-imaging, cognitive skills measures, and psychological assessments of the role of judgment, experience, and maturity in evaluating pilot readiness. *See, e.g.,* exhibits four through 13 to Plaintiff's Memorandum of Points and Authorities in Support of Motion for Declaratory and Injunctive Relief.

The FAA's memorandum, at page 5, lists "several federal courts of appeals" that have "upheld the FAA's denial of pilots' petitions for individual exemptions from the rule." All were in a different procedural posture than the instant case. In those cases, the pilots petitioned the appellate court for review of the FAA's denial of exemptions from the Age 60 Rule. For that reason alone, they are distinguishable. The standard of review of an agency action is admitted extremely deferential. Here, however, Plaintiffs Tetlow, et al., have lodged a facial statutory and constitutional challenge to the Age 60 rule, not, contrary to the FAA's unsupported assertion, a challenge to an agency "order."

---

[1] Only one of the cases cited by the FAA was decided in the last decade, Yetman v. Garvey, 261 F.3d 664 (7th Cir. 2001). Yetman involved a review of an FAA order denying, as it has for 47 years, requests for exemption from the Age 60 rule.

4

The FAA insists that this Court endorse its frozen-in-amber view of pilot skills and abilities. By rigidly sticking to an indefensible, arbitrary age limit, the FAA violates the Administrative Procedures Act, the Rehabilitation Act, and the United States Constitution. But worse, this unlawful defense of an indefensible, age-based restriction, also has the potential to compromise public safety, the very opposite of the FAA's stated mission. By forcing the retirement of pilots at the peak of their careers, the FAA deprives the flying public of some of the best of the bunch.

Aerospace medicine has progressed light-years beyond the knowledge available to the *O'Donnell* Court, and has continued to increase at an exponential rate in the ten years since *Professional Pilots*. The flying public and world at large are fortunate that medical and scientific communities did not similarly stop the clock at 1974, or 1997, in their understanding of the skills and abilities of pilots. Thus, pilots for air taxis, certain freight haulers, and of course the foreign pilots entering US Airspace; NASA pilots, and, yes, in a supreme example of either irony or hypocrisy, the FAA's own pilots[2], all keep flying after age 60, subject to the usual semi-annual physical exams and other tests for fitness the agency administers [3].

To borrow from the late Justice Thurgood Marshall, a Court "should not simply assume the correlation" between age and a "decline in competence," " but should inquire whether age is a sufficiently accurate predictor to justify the significant deprivations imposed by forced retirement." *Vance v. Bradley*, 440 U.S. 93, 121 (1979, J. Marshall,

---

[2] The FAA has indicated that it will stipulate to its own agency's use of over age 60 pilots to ferry top cabinet members and other high level government officials.
[3] On information and belief, the FAA will have to stipulate that it administers, under contract, the fitness-for-flying programs to over 60 pilots for airlines based in Bahrain and Qatar.

dissenting). Continuing, "not only is mandatory retirement an insufficiently accurate predictor of competence, it is also an unnecessary one . . . With . . .indicudualized procedures already in effect, the Government cannot realistically claim that prohibiting resort to age-based generalizations would jeopardize. . .[public safety.] *Vance, op cit*., at p. 122.

IV. **PLAINTIFFS SATISFY THE STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF**

A. Plaintiffs have no legal remedy.

The FAA asserts that plaintiffs do not face irreparable injury "merely" because they stand to lose their jobs. However, the FAA cannot enforce any of the fanciful "remedies" it posits at pages 18 to 20 of its memorandum. None of the plaintiffs' employers is currently party to the litigation, so this Court has no jurisdiction, equitable or otherwise, to fashion any of the generous bonuses or other inducements the FAA suggests.

Whether or not any plaintiff might be restored to the roster of pilots at his previous employer, this court has no power to restore their lost wages, seniority, and benefits. The Court—and the employers—is restrained by collective bargaining agreements over which this Court has no authority or jurisdiction.

B. Plaintiffs have a strong likelihood of success on the merits

Plaintiffs addressed the jurisdictional and timeliness arguments above. Plaintiffs also reiterate that the FAA's own actions, by dint of public pronouncements by Administrator Blakey and others and by its actions with respect to non-Rule 121 pilots confirm the arbitrary and capricious nature of the Age 60 rule.

6

C. The Age 60 Rule Conflicts with the US Constitution in that it Denies Plaintiffs' Right to Equal Protection of the Laws.

The FAA cites *Gregory v. Ashcroft*, 501 U.S. 452 (1991) as support for its argument that the Age 60 rule does not violate equal protection. The case does not apply. First, the age limit at issue in *Gregory* was 70, not 60. Second, the forced retirement of judges in Missouri in that case was justified, in part, on the grounds that the judges enjoyed lifetime appointments, were not subject to elections, that the impeachment process was a cumbersome method of removal, and that there were no other means to determine—or act upon—a judge's continuing fitness and ability to serve.

In contrast, the FAA has a rigorous, highly regarded[4] system of mandatory, individualized fitness testing. The FAA therefore has institutionalized alternatives to an age-based rule, and in fact already uses these alternatives for all pilots except Rule 121 pilots. The distinction imposed by the Age 60 rule is therefore patently irrational and a fatally unconstitutional violation of plaintiff's right to equal protection of the laws under the Due Process Clause.

D. THE PRELIMINARY RELIEF SOUGHT WOULD ENHANCE PUBLIC SAFETY

The FAA paints a hysterical picture of life under the preliminary injunction: Visions of planes piloted by doddering captains suddenly falling out of the sky; bereaved survivors in mourning over victims whose lives plaintiffs callously disregard in their selfish aim to extend their working lives beyond Age 60.

This is ridiculous. Were this Court to conduct the full hearing on the merits plaintiffs seek, the Court would learn that the experience, judgment, and flying skills of

---

[4] See footnote 3, above. The FAA contracts with overseas-based airlines to test and monitor the health and fitness of foreign-based pilots over age 60.

7

pilots age 60 and beyond equal, if not surpass, the population of pilots generally. As outlined in the Exhibits to Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Declaratory and Injunctive Relief, contemporary research confirms the skill, health, and vigor of pilots over 60. Their skill and dedication would improve airline safety. Shame on the FAA for trying to terrify this Court and the flying public. Shame on it for hiding behind alarmist rhetoric, rather than collecting and acting on accurate, up-to-date aerospace medical research and defending this arbitrary, irrational Rule.

Respectfully submitted,

SS/ <u>THOMAS J. GAGLIARDO</u>
Thomas J. Gagliardo
Attorney for Plaintiffs
8403 Colesville Road, Suite 860
Silver Spring, MD 20910-1985
301 589-1900 FAX 301 589-1985
galiardo@workplace-law.net

`

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2007, I caused the foregoing Reply Brief to be filed and served via the Court's Electronic Case Filing System, or should I receive notice from the ECF system that electronic service was unsuccessful, to be served upon Defendant by first class mail, postage prepaid, addressed as follows:

Jeffrey A. Taylor, United States Attorney
.
Rudolph Contreras, Assistant United States Attorney

Robin Meriweather, Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
                Thomas J. Gagliardo